T. Scott McRAVEN and Khonda Sue Andrews–McRaven, Relators/Petitioners,

v.

The Honorable Scott THOMSEN, Associate Circuit Judge Bollinger County, Missouri, Specially assigned to preside as a Circuit Court Judge in the original proceeding, Respondent.

No. ED 79832.

Missouri Court of Appeals, Eastern District, Writ Division One.

Sept. 4, 2001.

Allen E. Moss, Jr., Cape Girardeau, MO, Atty for Respondent–T.Scott McRaven.

Jeffrey Hine, Cape Girardeau, MO, Atty for Tom and Shirley McRaven.

Michael Maguire, Cape Girardeau, MO, Guardian Ad Litem.

## OPINION SUMMARY

LAWRENCE G. CRAHAN, Presiding Judge.

This opinion explains the reasons for the issuance of our August 6, 2001 peremptory writ of prohibition directing Respondent to vacate that portion of his July 19, 2001 order granting temporary grandparent visitation. Rule 84.24(*l*).

PEREMPTORY WRIT ISSUED

*Writ Division One Holds:* Given the fundamental nature of parents' rights to rear their children as they see fit, and the absence of any extraordinary or exigent circumstances, it is an abuse of discretion to order temporary grandparental visitation before the parents have had a full and fair opportunity to present their case.

This opinion explains the reasons for the issuance of our August 6, 2001 peremptory writ of prohibition directing Respondent to vacate that portion of his July 19, 2001 order granting temporary grandparent visitation. Rule 84.24(*l*).

Relators T. Scott McRaven and Khonda Sue Andrews McRaven ("Parents") petitioned this court for a writ of prohibition seeking to prohibit Respondent from enforcing his interlocutory order of July 19, 2001 granting Tom and Beverly McRaven ("Grandparents") temporary visitation with Austin and Dillon McRaven ("Children"), born April 21, 1991 and October 9, 1992, respectively, pending completion of the trial on the merits of Grandparents' petition for grandparent visitation rights pursuant to section 452.402 RSMo 2000. Parents urge that Respondent's interlocutory order violates their right to due process of law in contravention of the Fourteenth Amendment, that there is no statutory authority authorizing temporary relief in a grandparent visitation case, that the trial court improperly applied a presumption favoring grandparent visitation and placed the burden on them to rebut such presumption, and that the visitation ordered exceeds the "minimal intrusion" approved in this court's decision in *Cabral v. Cabral,* 28 S.W.3d 357 (Mo. App.2000). We hold that, under the circumstances presented, the trial court clearly abused its discretion in ordering temporary grandparent visitation without affording Parents the right to a full and fair opportunity to present their case. Accordingly, as permitted by Rule 84.24(e), we dispense with further briefing and argument and issue our peremptory writ of prohibition directing Respondent to vacate that portion of the July 19, 2001 order granting temporary visitation to Grandparents.

The underlying action began on April 17, 2000 when Grandparents filed a petition for grandparent visitation rights in the Circuit Court of Cape Girardeau County. Their son, T. Scott McRaven, was named as respondent. Children's natural mother is deceased.[1] Grandparents alleged that their son and Children resided at their home in St. Louis County from 1990 1997, that their son had custody of Children and now resided in Jackson, Missouri, and that they had been denied visitation with Children for more than ninety days. Grandparents further alleged that their visitation

---

1. Grandparents later filed an amended petition naming Khonda Sue Andrews McRaven as an additional party Respondent. She is Children's adoptive mother.

with Children would be in Children's best interests and would not endanger their physical health or impair their emotional development. They sought an order granting them visitation rights.

The cause was set for hearing on April 19, 2001. All parties appeared on that date and the attorneys announced an agreement on a temporary order. A temporary order was entered on April 27, 2001. The temporary order provided that Grandparents would enjoy unsupervised visitation with Children from 9:00 a.m. to 6:00 p.m. on April 28, 2001 in Cape Girardeau, unsupervised weekend visitation on the weekends of May 18–20, 2001, and June 15–17, 2001, and provided that Grandparents could telephone Children once per week. Parents were ordered to make arrangements for Children to receive counseling by Dr. Ken Callis or his associate, Debbie Unterreiner, at Grandparents' expense, and both Parents and Grandparents were ordered to participate in such counseling if recommended by the counselor. Parents were further directed to provide the court with a report from the counselor indicating whether further visitation by Grandparents poses any threat of harm to Children. The case was reset for hearing on July 12, 2001.

On May 4, 2001, Parents filed a motion for appointment of a guardian ad litem and a motion to set aside the temporary order of April 19, 2001 on the ground that it did not reflect the agreement of the parties. On May 11, 2001, Respondent appointed a guardian ad litem and set aside the temporary order.

On July 12, 2001, the parties appeared for the scheduled hearing on Grandparents' petition. Parents were permitted to call Dr. Callis as an expert witness out of turn and Grandparents were permitted to cross-examine him. Grandparents then called Parents to the stand to testify as adverse witnesses. Due to time constraints, Respondent continued the proceeding to September 12, 2001. At the time the case was continued Grandparents had not completed presenting their case and Parents had not had any opportunity to present their case except for the testimony of Dr. Callis.

After continuing the hearing on the merits, Respondent entered the interlocutory order that is the subject of Parents' petition for a writ. In the interlocutory order, Respondent found, based on Dr. Callis's testimony, that visitation with Grandparents would be in Children's best interests. Respondent noted that Dr. Callis was of the opinion that greater harm would come to Children from having no contact with Grandparents than from having such contact. Respondent further found that Parents had not articulated any specific instances of emotional abuse by Grandparents. Based on these findings, Respondent ordered that Grandparents be afforded unsupervised visitation from 9:00 a.m. to 6:00 p.m. on July 21, 2001 in Cape Girardeau County and unsupervised weekend visitation at Grandparents' home in Chesterfield, Missouri on the weekends of August 10–12, 2001, and September 14–16, 2001. Parents were ordered to transport Children to and from Grandparents' home in Chesterfield.[2]

On July 25, 2001, Parents filed their petition for writ of prohibition with this court. Grandparents and the guardian ad litem filed suggestions in opposition. On August 6, 2001, we issued our peremptory writ of prohibition directing Respondent to vacate that portion of his interlocutory or-

**2.** Grandparents were made responsible for transporting Children back to Parents' home

in Jackson on the second weekend.

der granting temporary grandparent visitation.

Although Parents urge that the grandparent visitation statute is unconstitutional in a number of respects in light of the decision of the United States Supreme Court in *Troxel v. Granville,* 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), we note that the trial court has not yet ruled on Parents' motion to dismiss on these grounds. Nor is it necessary to reach Parents' constitutional challenges in order to resolve this writ proceeding.[3] We do find it significant, however, that a majority of the justices in *Troxel* agreed that parents enjoy a fundamental constitutional right to rear their children, including determining who shall educate and socialize them.

We likewise find it unnecessary to decide whether, even in the absence of express statutory authority, extraordinary and exigent circumstances such as the impending death of a grandparent or grandchild might justify entry of an order for temporary visitation before completion of the hearing on the merits. We do hold, however, that in the absence of such exigent circumstances, which none of the parties suggests are present here, and given the fundamental nature of the parental rights at issue, it is an abuse of discretion for a trial court to order temporary grandparent visitation without affording Parents a full and fair opportunity to present their case.

RICHARD B. TEITELMAN, J.,
KATHIANNE KNAUP CRANE, J.,
Concur.

---

**3.** The Missouri Supreme Court upheld the constitutionality of the grandparent visitation statute in *Herndon v. Tuhey,* 857 S.W.2d 203 (Mo. banc 1993). *See also Cabral v. Cabral* 28 S.W.3d 357 (Mo.App.2000)(distinguishing *Troxel* and following *Herndon* ).